**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Ambro Johnson Sr.**
Debtor(s)

Bankruptcy Case No.: 17–22820–GLT
Issued Per Aug. 14, 2017 Proceeding
Chapter: 13
Docket No.: 17 – 5
Concil. Conf.: January 25, 2018 at 09:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 3, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jan. 25, 2018 at 09:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☑ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☐ H. Additional Terms:

*(2.)*  *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

*[Signature]*
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: August 24, 2017

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                          United States Bankruptcy Court
                          Western District of Pennsylvania

In re:                                                              Case No. 17-22820-GLT
Ambro Johnson, Sr.                                                  Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0315-2         User: jhel                Page 1 of 2        Date Rcvd: Aug 24, 2017
                             Form ID: 149              Total Noticed: 18


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2017.
db             +Ambro Johnson, Sr.,    1112 Pennsylvania Avenue,    Pittsburgh, PA 15233-1413
14656997       +Allegheny Radiology Associates,   c/o Collection Service Center Inc.,
                 250 Mt. Lebanon Blvd., Suite 420,    Pittsburgh, PA 15234-1249
14660819       +Americredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                 Arlington, TX 76096-3853
14657006      ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
               (address filed with court: MABT/CONTFIN,    PO Box 8099,    Newark, DE 19714)
14656998        Capital One Bank USA NA,    P. O. Box 30281,   Salt Lake City, UT 84130-0281
14657001       +Comcast Cable,   c/o RUI Credit Services,    PO Box 1349,    Melville, NY 11747-0421
14657003       +GM Financial,   PO Box 181145,    Arlington, TX 76096-1145
14672159      ++LENDMARK FINANCIAL SERVICES LLC,    2118 USHER STREET,    COVINGTON GA 30014-2434
               (address filed with court: Lendmark Financial Services, LLC,    2118 Usher Street,
                 Covington GA 30014)
14657005        Lendmark Financial Services,    1506 Klondike Road SW,    Suite 200,   Conyers, GA 30094-5173
14657008       +Midland Mortgage Company,    999 NW Grand Blvd,   Oklahoma City, OK 73118-6051
14657011       +PNC Bank,   PO Box 3180,    Pittsburgh, PA 15230-3180
14657714       +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14657000       +E-mail/Text: ccusa@ccuhome.com Aug 25 2017 00:56:15     Central Cardiovascular Associates,
                 c/o Credit Collection USA,    16 Distributors Drive, Suite 1,    Morgantown, WV 26501-7209
14657002        E-mail/PDF: creditonebknotifications@resurgent.com Aug 25 2017 00:57:56     Credit One Bank,
                 P.O. Box 98872,    Las Vegas, NV 89193-8872
14657004        E-mail/Text: cio.bncmail@irs.gov Aug 25 2017 00:56:27     Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
14657007       +E-mail/Text: bkr@cardworks.com Aug 25 2017 00:56:15     Merrick Bank,   P.O. Box 1500,
                 Draper, UT 84020-1500
14673154        E-mail/PDF: cbp@onemainfinancial.com Aug 25 2017 00:57:54     ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
14657009       +E-mail/PDF: cbp@onemainfinancial.com Aug 25 2017 00:57:54     OneMain Financial,   PO Box 1010,
                 Evansville, IN 47706-1010
                                                                                              TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              MIDFIRST BANK
cr*            +Americredit Financial Services, Inc. dba GM Financ,    PO Box 183853,    Arlington, TX 76096-3853
cr*            +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
14668132*      +AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                 Arlington, TX 76096-3853
14656999*       Capital One Bank USA NA,    P. O. Box 30281,   Salt Lake City, UT 84130-0281
14657010*      +OneMain Financial,    PO Box 1010,   Evansville, IN 47706-1010
                                                                                   TOTALS: 2, * 5, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
Case 17-22820-GLT    Doc 19    Filed 08/26/17    Entered 08/27/17 00:52:01    Desc Imaged
                              Certificate of Notice    Page 5 of 5
```

```
District/off: 0315-2          User: jhel              Page 2 of 2            Date Rcvd: Aug 24, 2017
                              Form ID: 149            Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 24, 2017 at the address(es) listed below:

        Allison L. Carr    on behalf of Creditor    Duquesne Light Company acarr@bernsteinlaw.com, acarr@ecf.courtdrive.com;cwirick@ecf.courtdrive.com

        James Warmbrodt    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com

        Kenneth Steidl    on behalf of Debtor Ambro Johnson, Sr. julie.steidl@steidl-steinberg.com, ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;todd@steidl-steinberg.com;cgoga@steidl-steinberg.com;r53037@notify.bestcase.com

        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov

        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com

        TOTAL: 5